JS - 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JORDAN ROSENBERG, | ) | CV 09-1722-PA (SH) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| v. | ) | |
| | ) | |
| HARLEY G. LAPPIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Reference of this case to Magistrate Judge Stephen Hillman pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California is vacated, and the case is dismissed, as discussed below.

## I.    BACKGROUND

The Court granted former federal prisoner Plaintiff Jordan Rosenberg *in forma pauperis* status, and filed his civil rights Complaint challenging prison conditions on March 25, 2009. Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the case was referred to Magistrate Judge Stephen Hillman. After dismissal of the Complaint with leave to amend pursuant to the court's authority to screen *in forma pauperis* complaints under 28 U.S.C. § 1915(e)(2), Plaintiff

1

filed a First Amended Complaint on June 30, 2009.

On August 11, 2010, the Magistrate Judge issued a Report and Recommendation recommending granting of a motion to dismiss filed by Defendant United States, and, *inter alia*, dismissal of the United States from the action. On October 1, 2010, the Court adopted the Magistrate Judge's recommendations and dismissed the United States from the action.

On September 30, 2010, the Magistrate Judge issued a Report and Recommendation recommending grant of the individual defendants' motion for judgment on the pleadings and dismissal of the First Amended Complaint with limited leave to amend. After consideration of Plaintiff's objections (two sets, filed on October 4, 2010, and October 18, 2010), the Magistrate Judge issued an Amended Report and Recommendation on November 2, 2010. This Court issued an Order Adopting the Amended Report and Recommendation on November 8, 2010, and dismissed the First Amended Complaint with limited leave to amend.

In the Order Adopting the Amended Report and Recommendation, the Court informed Plaintiff that, if he wished to pursue this action, he was required to file a second amended complaint within twenty days of the date of the date the Order Adopting was filed. Further, the court warned: "Plaintiff is cautioned that failure to file a second amended complaint within the time specified by this Order may result in dismissal of the action with prejudice on the grounds stated in the Amended Report and Recommendation of the United States Magistrate Judge and/or for failure to prosecute."

The Court's docket reveals that Plaintiff has not filed a second amended complaint within the time specified by the Court's Order Adopting the Amended Report and Recommendation of the United States Magistrate Judge. Further, while Plaintiff has filed multiple motions challenging the Order Adopting the Amended Report and Recommendation, and within those motions has sought an extension of time to file a second amended complaint, the Court has not granted Plaintiff an extension of time in which to file his amended pleading.

Plaintiff's Second Amended Complaint was due November 29, 2010.  As of the date of this Order of Dismissal, over two months have passed since the deadline for filing an amended pleading expired.

## II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[1]  See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)(recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005)(recognizing that courts may dismiss an action pursuant to Fed. R. Civ. P. 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)("Pursuant to Fed. R. Civ. P. 41(b), the district court may dismiss an action for failure to comply with any order of the court."); see also Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002)(affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit has stated that "[t]hese factors are not a

---

[1]  Rule 41(b) provides, in part: "(b) **Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules of a court order, a defendant may move to dismiss the action or any claim against it."

series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

The five relevant factors weigh in favor of dismissal in this action. The first two factors strongly support dismissal of this action. Plaintiff's failure timely to file a second amended complaint, and his continued failure to do so for over two months after the expiration of the deadline for doing so, despite clear warning of the consequences for such failure, strongly suggests that Plaintiff is not interested in seriously prosecuting this action. See e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)("The public's interest in expeditious resolution of litigation always favors dismissal.").

Moreover, while Plaintiff had notice of the due date for his amended pleading (as evidenced by his requests for extensions of time to file, should his motions to vacate be denied, neither of which requests was granted), Plaintiff failed to file a second amended complaint. Instead, Plaintiff continued to file repeated and duplicative challenges to the Court's Order Adopting and the Magistrate Judge's orders, unnecessarily wasting the Court's resources. Any further time spent by the Court on this case, which Plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, prejudice to a defendant as a result of Plaintiff's failure timely to file an amended pleading, should be given some weight. See Ferdik, 963 F.2d at 1262. A dismissal with leave to amend is an aid to simplifying the issues and eliminating improper claims or parties before discovery ensues. Plaintiff's failure to file a second amended complaint after ample opportunity to do so, and his filing of multiple, repetitive challenges to the magistrate judge's orders, instead of filing his amended pleading, indicate a recalcitrance that raises the real possibility that Defendants would be forced unnecessarily to engage in further, protracted litigation against claims that Plaintiff does

not appear to value enough to pursue in a serious manner. Moreover, unreasonable delay is presumed to be prejudicial. See e.g., In re PPA Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. Plaintiff has already received the benefit of extremely liberal construction of his pleadings and multiple opportunities to amend. Initially, when Plaintiff applied to file his Complaint *in forma pauperis*, Magistrate Judge Hillman recommended denial of the request, finding that the Complaint was "legally and/or factually patently frivolous," and "1) fails to state a clear and concise claim; 2) respondeat superior claim as to BOP director." Chief United States District Judge Collins declined to follow that recommendation and granted Plaintiff's request to proceed *in forma pauperis*. As discussed above, the Magistrate Judge then screened the Complaint, giving Plaintiff an opportunity to amend his factually deficient, vague, and conclusory pleading to attempt to state legally cognizable constitutional claims. Once Plaintiff filed a First Amended Complaint, Defendants moved, in two separate motions, to dismiss and for judgment on the pleadings, resulting in an order of dismissal with limited leave to amend. The Court's analysis and order sought to further distill Plaintiff's claims into legally cognizable allegations of constitutional violation.

As reflected by the history of this litigation, the court has previously pursued remedies that are less drastic than the current dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987)("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."). The Court permitted filing of Plaintiff's initial pleading, screened that Complaint and provided Plaintiff an opportunity to amend to correct its deficiencies, then provided another opportunity to amend and stated clearly the deadline for filing and the consequences of failing to do so, then allowed Plaintiff over two months after the expiration of that deadline in which to file a second amended complaint. It warned Plaintiff in clear terms that failure to file an amended pleading could result in dismissal. Warning a plaintiff that failure to take steps toward resolution of his or her action on the

merits will result in dismissal satisfies the requirement that the court consider the alternatives. See e.g., Ferdik, 963 F.2d at 1262("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")(citing Malone, 833 F.2d at 132-33). At this juncture, the Court finds no suitable alternative to dismissal of this action.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits. However, for the reasons set forth above, factors one, two, three, and five strongly support dismissal of this action, and factor four does not materially counsel otherwise. Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)(citations and quotation marks omitted). Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits. See Ferdik, 963 F.2d at 1263.

**IT IS THEREFORE ORDERED** that the referral of this case to Magistrate Judge Hillman is **VACATED**.

**IT IS FURTHER ORDERED** that the action is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that the clerk shall serve a copy of this Order on the Plaintiff and counsel for Defendants.

DATE: June 17, 2011

_____
PERCY ANDERSON
United States District Judge

6